**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――X

| | | |
|---|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION FUND, | : : : : : | Case No.07-cv-11093(AKH)(AJP) ECF CASE |
| Petitioner(s), | : : : | **PETITION TO CONFIRM ARBITRATION AWARD** |
| -against- | : : | |
| H & S ROSNER MEATS INC. a/k/a H & S ROSNER, | : : | |
| Respondent. | : | |

―――――――――――――――――――――――X

The Petitioners, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 50 Pension Fund, by and through their attorney, Andrew John Calcagno, as and for their Petition, respectfully allege as follows:

**NATURE OF ACTION**

1. This is an action to confirm one (1) labor arbitration award issued by John Kennedy dated July 25, 2007.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

## PARTIES

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund (the "342 Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Health Care Fund within the meaning of ERISA section 502. The 342 Health Care Fund is an employee welfare benefit plan within the meaning of ERISA Section 2. The 342 Health Care Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Respondent herein. The 342 Health Care Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 50 Pension Fund (the "50 Pension Fund"), is a fiduciary empowered to bring this action on behalf of the 50 Pension Fund within the meaning of ERISA section 502. The 50 Pension Fund is an employee pension benefit plan within the meaning of ERISA Section 2. The 50 Pension Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing pension benefits and other benefits to members of the Union working for various Employers, including the Respondent herein. The 50 Pension maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

6. The 342 Health Care Fund and the 50 Pension Fund are hereinafter collectively known as "the Funds".

7. Respondent, H & S Rosner Meats, Inc. a/k/a H & S Rosner ("Rosner" and/or the "Employer"), is an Employer within the meaning of ERISA and is bound by a collective bargaining entered into between the Petitioners and the Respondent. The Respondent's principal place of business is 719 Avenue U, Brooklyn, NY 11223.

8. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

9. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care, pension and legal benefits to its employees.

10. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations and other documents of the Funds, and authorized the Funds to maintain an action on its own behalf to collect contributions due and owing to the Funds.

11. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

12. Pursuant to the provisions of the Agreement, if the Funds are experiencing financial difficulties, a pro rate share of IBNR contributions (payments which were incurred but not reported) can be assessed to the Employer.

13. For the months of January 2007, May 2007, and June 2007, the Employer failed to pay the IBNR contributions to the 342 Health Care Fund as required by the Agreement.

14. The amounts owed by the Employer, for such IBNR contributions in accordance with the Arbitration Award dated July 25, 2007 (the "Award") is as follows:

   - Local 342 Health Care Fund         $  9,400.00
   - Local 50 Pension Fund              $     556.00
   - Interest @ 18% per annum           $     354.90
   - Liquidated Damages @ 20%           $  2,062.18
   - Attorney's Fees                    $     800.00
   - Arbitration Fees                   $     800.00

   **TOTAL**                            **$ 13,973.08**

15. The total amount owed by the Employer to the 342 Health Care Fund and the 50 Pension Fund, Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such IBNR contributions in accordance with the Award during the above-referred periods is **$13,973.08**. *See* the Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

## JULY 25, 2007 ARBITRATION PROCEEDINGS AND AWARD

16. After notice was duly given to the Employer, Arbitrator Kennedy conducted a hearing with regard to the Petitioners' claims for IBNR Contributions. There was no appearance made on behalf of the Employer. During the hearing, the Arbitrator received proof relating to IBNR Contributions due and owing by the Employer to the 342 Health Care Fund and the 50 Pension Fund.

17. On July 25, 2007, Arbitrator Kennedy issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the 342 Health Care Fund and the 50 Pension Fund for the months of January 2007, May 2007, and June 2007.

18. The Arbitrator found that the Employer was obligated to pay a total of **$13,973.08** to the 342 Health Care Fund and the 50 Pension Fund.

19. Although the 342 Health Care Fund and the 50 Pension Fund have demanded that the Employer comply with the Award, the Employer has refused and has failed to pay the foregoing amounts.

20. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Petitioners respectfully request an Order and Judgment:

    a.    confirming the Arbitration Award by John Kennedy dated July 25, 2007 and directing the Respondent to pay **$13,973.08** to the 342 Health Care Fund and the 50 Pension Fund;

    b.    granting the Petitioners their costs and legal fees in bringing this action pursuant to ERISA § 1132(g)(2); and

    c.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Cranford, New Jersey
        December 5, 2007

      /s Andrew John Calcagno
**ANDREW JOHN CALCAGNO (AC 3085)**
*Attorney At Law*
*Attorney for the Petitioners*

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200

7693 H & S ROSNER

Amalgamated Meat Cutters Retail Food Store
Employees Union UFCW Local 342
of Greater New York
UFCW LOCAL 342 HEALTHCARE FUND
LOCAL 50 PENSION FUND

---

APPEARANCES

For the Employer

For the Fund

Odalis Gutierrez
Adrienne Wincott

In accordance with notice duly given, an Arbitration was held at 10:00 am on **July 25, 2007** at the Long Island Marriott, Uniondale, New York.

At the aforementioned time and place, the parties were afforded full opportunity to be heard, to offer evidence and argument and to examine and cross-examine witnesses. Witnesses were duly sworn prior to submitting testimony.

Pursuant to an agreement between the parties, the undersigned was duly designated Arbitrator to render a decision binding upon all parties, with regard to the following issue:

Unpaid contributions for the UFCW Local 342 Healthcare Fund & Local 50 Pension Fund for the month(s) January 2007, May 2007 and June 2007.

| | |
|---|---|
| UFCW Local 342 Healthcare Fund | $ 9,400.00 |
| Local 50 Pension Fund | 556.00 |

**Background:**

After waiting one hour beyond the scheduled starting time of the Arbitration Hearing for the employer to appear, the Fund submitted into evidence proof of service of the statutory notice to Arbitrate and moved to have the Arbitrator hold the hearing Ex-Parte. The Arbitrator sustained the motion and held an Ex-Parte Hearing in this matter. The Union/Fund presented testimony and evidence in support of their contention that the Employer was delinquent in the payment of contributions to the UFCW Local 342 Healthcare Fund and the Local 50 Pension Fund.

Award

Pursuant to a review of all testimony and evidence submitted at the Arbitration Hearing, it is the Award of the Arbitrator that:

The Employer is delinquent in payment to the UFCW Local 342 Healthcare Fund and the Local 50 Pension Fund.

The Employer H & S ROSNER is therefore directed to pay the amounts due to each of the funds in accordance with the following forthwith:

| | |
|---|---|
| UFCW Local 342 Healthcare Fund | $ 9,400.00 |
| Local 50 Pension Fund | 556.00 |
| Interest    18 % per annum | $   354.90 |
| Liquidated Damages 20% | $ 2,062.18 |
| Sub-Total | $12,373.08 |
| Attorneys' Fees | $   800.00 |
| Cost of Arbitration | $   800.00 |
| Total | $13,973.08 |

Dated: July 25, 2007

_____
John Kennedy, Arbitrator

STATE OF NEW YORK
COUNTY OF NASSAU

On this day of July 2007 before me came John Kennedy, to me known to be the person described herein, and who executed the foregoing instrument and acknowledge that he execute same.

_____
Notary Public

PAULA I. DANNHAUSER
Notary Public, State Of New York
No. 01-DA4608574
Qualified In Suffolk County
Commission Expires Aug. 31, 2009